**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Jose Guillermo RAMIREZ–ARCE, aka
Jose Antonio Guillermo Ramirez–
Arce, Defendant—Appellee.**

No. 01–50281.
D.C. No. CR–00–03307–MLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided June 6, 2002.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Jose Guillermo Ramirez–Arce (Ramirez) was indicted for drug-smuggling based in part on a confession that he allegedly gave to a Customs agent. The district court granted Ramirez's motion to suppress the confession, because it found that the government had not carried its burden of proving that Ramirez had knowingly and voluntarily waived his *Miranda* rights. This is the government's interlocutory appeal of the district court's suppression order. We have jurisdiction under 18 U.S.C. § 3731, and we affirm.

At the suppression hearing, the district court heard sharply conflicting testimony as to whether Ramirez's *Miranda* rights had been fully respected. The district court found that the government had not carried its burden of proving that Ramirez's *Miranda* waiver had been knowing and voluntary. *See Colorado v. Connelly,* 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). In view of the conflicting testimony, this finding was not clearly erroneous. *See United States v. Andaverde,* 64 F.3d 1305, 1313 (9th Cir. 1995) (whether defendant's *Miranda* waiver was knowing and intelligent is question of fact subject to clear-error review).

Contrary to the government's main argument, nothing in the district court's ruling suggests that it misunderstood the standard for a valid *Miranda* waiver.

* This disposition is not appropriate for publication and may not be cited to or by the courts

The government waived any objection to the evidentiary hearing by failing to object in the district court.

AFFIRMED.